IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| OLIVIA PADILLA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV3083 |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| OMAHA WORLD-HERALD COMPANY, | ) | |
| PACIFIC REALTY COMMERCIAL, L.L.C., | ) | |
| DOUGLAS BUILDING, L.L.C., and | ) | |
| QWEST COMMUNICATIONS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the undersigned magistrate judge *sua sponte*. On October 7, 2011, the undersigned magistrate judge entered an order requiring the plaintiff to show cause why her action against the defendants should not be dismissed pursuant to NECivR 41.2 and Fed. R. Civ. P. 4(m). **See** Filing No. 3. The plaintiff did not file a response. For the reasons set forth below, the undersigned magistrate judge will recommend the plaintiff's Complaint as against each of the defendants be dismissed without prejudice.

## BACKGROUND

In this case the complaint was filed on June 6, 2011. **See** Filing No. 1. The plaintiff has initiated no other action in this matter. There is no evidence in the record the plaintiff has sought any summons or served process. The deadline for service of process expired on or about October 3, 2011. The defendants have not made an appearance. On October 7, 2011, the undersigned magistrate judge entered an order requiring the plaintiff to show cause why her action against the defendants should not be dismissed pursuant to NECivR 41.2 and Fed. R. Civ. P. 4(m). **See** Filing No. 3. The court gave the plaintiff until October 21, 2011, to file proof of service on the defendants or show cause why the action should not be dismissed for failure to prosecute. As of the date of this Findings and Recommendation, the plaintiff has not filed a response to the show cause order.

## ANALYSIS

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the

>plaintiff--must dismiss the action without prejudice against that
>defendant or order that service be made within a specified time.
>But if the plaintiff shows good cause for the failure, the court must
>extend the time for service for an appropriate period.

See Fed. R. Civ. P. 4(m). The Eighth Circuit has long held dismissal for failure to prosecute is well within the court's discretion. See *Roberts v. Missouri Div. Of Employment*, 636 F.2d 249, 250 (8th Cir. 1980). Dismissal without prejudice is appropriate when service of the summons and complaint has not been made upon the defendant within 120 days after filing of the complaint. See Fed. R. Civ. P. 4(m); *Bullock v. United States*, 160 F.3d 441, 442 (8th Cir. 1998) (per curiam) (affirming district court's dismissal without prejudice under Rule 4(m)); **see also** *Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004) (dismissal affirmed where plaintiff given opportunity, failed to cure defect).

In this case, the plaintiff failed to effect service of summons and the complaint upon the defendants in accordance with Rule 4(m). The plaintiff failed to provide the court with any explanation for the failure to serve. The plaintiff has not complied with the court's order to show cause why the action should not be dismissed against the defendants. The plaintiff has acted in a manner that interferes with the orderly processes of this court. The undersigned magistrate judge finds the plaintiff's failure to prosecute her action interferes with the orderly administration of justice. Upon consideration,

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:**

The plaintiff's Complaint (Filing No. 1) be dismissed as to each of the four defendants, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 31st day of October, 2011.

>BY THE COURT:
> s/ Thomas D. Thalken
>United States Magistrate Judge